UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEIDI ACKERMANN-PAPP, | Case No. 1:06-cv-832 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

### Order Adopting the R&R Without Objection, Affirming the Commissioner's Denial of Disability Benefits, and Terminating the Case

This matter was referred to the Honorable Ellen Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Thursday, January 10,

2008, and was electronically served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Friday, January 11, 2008. Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday January 12, Sunday January 13, Saturday January 19, Sunday January 20, and Monday January 21 (a legal holiday).

Thus, the ten-day period for filing objections expired at midnight on Friday, January 25, 2008.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits *de novo* or otherwise. As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely specific objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636,

---

[1] *See, e.g., Johnson v. Comm'r of Soc. Sec.*, No. 5:05-cv-2155, 2007 WL 2292440, *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

> to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted).

In any event, the court finds the R&R to be well-reasoned.[2] For the reasons explained by the

---

2

Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, *2 n.3 (W.D. Mich. Oct. 30, 2007) (Maloney, J.) (quoting *Brown v. US*, No. 06-14087, 2007 WL 2156283, *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).  *See also:*

*Veltkamp v. Comm'r of Soc. Sec. Admin.*, No. 1:06-cv-295, – F. Supp.2d –, –, 2007 WL 4616700, *2 n.2 (W.D. Mich. Sept. 5, 2007) (Maloney, J.);

*Hart v. Ridge Tool Co.*, No. 1:06-cv-780, 2007 WL 1983688, *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

3

R&R, substantial evidence supported the ALJ's determination that Ackermann-Papp's alleged mental or emotional conditions – depression, anxiety, anger management, and dysthymic disorder – did not render her disabled between her alleged disability onset date (October 2, 2002) and her date last insured (June 30, 2004), during which period she was about 20 to 22 years old.

The Magistrate Judge correctly rejected Ackermann-Papp's sole appellate argument, that the ALJ did not properly consider the opinion of a treating psychologist and a consulting psychologist. As stated by the R&R, no treating source actually rendered a "medical opinion" – properly understood – about Ackermann-Papp's ability to perform basic work activities during the relevant period, as a Global Assessment of Functioning ("GAF") score alone does not constitute a medical opinion. *See generally* 20 C.F.R. § 404.1527(a)(2) and § 416.927(a)(2) (defining "medical opinions" as "statements from physicians or psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [plaintiff's] impairment(s), including [plaintiff's]

---

*US v. Thornton*, No. 6:06-cv-459, 2007 WL 1742160, *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06-cv-86, 2007 WL 1610499, *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06-cv-32, 2007 WL 756363, *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04-cv-7778, 2006 WL 1888704, *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.");

*Wallace v. Jackson*, No. 04-40221, 2006 WL 467915, *1 (E.D. Mich. Feb. 23, 2006) (Gadola, J.) (citing *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002) (Gadola, J.));

*Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

symptoms, diagnosis, and prognosis, what [plaintiff] can still do despite impairment(s), and plaintiff's physical or mental restrictions).

As noted by the R&R, our Circuit holds that an ALJ need not put any stock in a GAF score in the first place, *see Kornecky*, 167 F. App'x 496, 511 (6th Cir. 2006) (Griffin, J.) (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Consistent with this rule, our Circuit has held that the failure to reference a Global Assessment Functioning score, standing alone, is not sufficient ground to reverse a disability determination. *See DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411 (6th Cir. 2006) (Merritt, J., joined by Sutton & Griffin, JJ.) (citation omitted). Those holdings, while not binding precedent, militate against the notion that a GAF score itself is a medical opinion, as a properly supported medical opinion rendered by a treating physician *would be* presumptively entitled to deference under SSA regulations.

Moreover, the Commissioner "'has declined to endorse the [GAF] score for use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *DeBoard*, 211 F. App'x at 415 (quoting *Wind v. Barnhart*, 133 F. App'x 684, 691-92 n.5 (11th Cir. 2005) (quoting 65 FED. REG. 50746, 50764-65 (Aug. 21, 2000))). "GAF scores, therefore, are not raw medical data and do not necessarily indicate . . . symptoms or mental functioning." *Kennedy v. Astrue, Comm'r of Soc. Sec.*, 247 F. App'x 761, 766 (6th Cir. 2006) (Greer, D.J., joined by Clay & Sutton, JJ.).

Finally, on a related point, a GAF score alone, without a sufficient accompanying interpretative and explanatory narrative, may admit of several different interpretations. For example, because of the way that the GAF score ranges are defined, a particular GAF score alone may not constitute a clear statement of medical opinion directed specifically at the relevant capacity of the

claimant (such as residual capacity to perform basic work functions).  A sister court recently confronted this issue, writing,

> The GAF definition of range 51-60 indicates moderate symptoms *or* moderate difficulty in social, occupational *or* school functioning; and the definition of range 61-70 indicates mild symptoms *or* some difficulty in social, occupational *or* school functioning. DSM-IV at 32.  Therefore, *while a GAF score says something in a very general way about ability to perform basic work activities, the specific score assigned may related more particularly to social or school functioning rather than occupational functioning.* * * *
>
> Plaintiff's argument that Dr. Mintz's GAF score of 60 is consistent with the GAF scores of 53 and 55 assigned by [therapists] Ms. Frazee and Ms. Miller is not persuasive because it does not address which particular aspect(s) of functioning is primarily reflected in the particular GAF scores.  *The therapists' GAF scores may be addressing overall symptoms or social functioning rather than occupational functioning . . . .*

*Bronson v. Astrue*, No. 06-4142, – F. Supp.2d –, –, 2008 WL 110890, *8 (D. Kan. Jan. 8, 2008) (R&R of Reid, U.S.M.J., adopted without discussion by Julie Robinson, U.S.D.J.) (emphasis added).  Thus, Magistrate Judge Carmody correctly rejected Ackermann-Papp's argument that the ALJ committed reversible error by not giving proper consideration to her GAF scores.

Accordingly, having reviewed Ackermann-Papp's petition for review, the Commissioner's answer to the petition, the parties' briefs, and the R&R, the court hereby **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

This case is **TERMINATED.**

**This order is final, but it is not appealable.**  *See Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate

judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[3]

**IT IS SO ORDERED this 4th day of February, 2008.**

        /s/ Paul L. Maloney
        Paul L. Maloney
        United States District Judge

---

[3]

    *See, e.g., Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155);

    *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

    *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

    *Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).